IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**TEQUILA JACKSON,**

          **Plaintiff,**

v.   1:06-cv-0669-WSD-ECS

**JOHN W. SNOW, SECRETARY OF THE DEPARTMENT OF TREASURY,**

          **Defendant.**

## OPINION AND ORDER

This matter is before the Court on its *sua sponte* determination that the case should be dismissed for want of prosecution. Local Rule 41.3 provides that the Court:

> may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . . (2) A plaintiff or plaintiffs attorney shall, after notice . . . . refuse to obey a lawful order of the court in the case; or (3) A case has been pending in this court for more than six (6) months without any substantial proceedings of record . . . .

L.R. 41.3(A)(2), (3).

The complaint in this case was filed on February 27, 2006. On March 20, 2007, this Court ordered Plaintiff to submit the required certificate of interested

persons on or before April 6, 2007.  The order noted that failure to comply would result in dismissal of the case for want of prosecution.

On April 30, 2007, nearly a month after the date on which the Court stated the case would be dismissed, Plaintiff filed a motion for extension of time to file a certificate of interested persons.  Plaintiff did not specify what period of time she wanted for an extension.  Plaintiff did not file, and has not yet filed, a certificate of interested persons in this case.   Dismissal is appropriate for want of prosecution based on Plaintiff's disobedience of the Court's order.

Further, the April 30, 2007 motion for an extension of time was the last proceeding of record initiated by Plaintiff in this case.  Dismissal for want of prosecution based on the lack of activity in this case is also appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED**.

**SO ORDERED** this 18th day of December, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE